UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JULIANO D. SPIVEY,

       Plaintiff,                              Case No. 1:21-cv-11986

v.                                           Honorable Thomas L. Ludington
                                                      United States District Judge

JENNIFER MANLEY, *et. al.*,

       Defendants.
_____/

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT**

Plaintiff Juliano D. Spivey is an inmate currently confined at the Genesee County Jail in Flint, Michigan. On August 30, 2021, Magistrate Judge David R. Grand signed an order of deficiency. ECF No. 4. The Order required Plaintiff to provide a signed certification of his jail trust account from an authorized jail official. *Id.* The Order gave Plaintiff the alternative to pay the $350.00 filing fee, plus the $52.00 administrative fee, in full. *Id.* Plaintiff was given 30 days to comply with the Order. *Id.*

On September 13, 2021, Plaintiff provided this Court with a current computerized jail trust account from the Genesee County Jail. ECF No. 5. But Plaintiff neither submitted a signed certification regarding his jail trust account with these documents nor provided a certification with the application to proceed without prepaying fees and costs that he previously filed. ECF No. 2.

Prisoners who seek to proceed without prepayment of fees and costs in a federal civil complaint must file a certified copy of a statement of that prisoner's jail trust account for the six-month period immediately preceding either the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. 28 U.S.C. § 1915(a)(2); *see also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

If a prisoner who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court is required to advise the prisoner of the deficiency, and the prisoner will then have 30 days from the date of the deficiency order to correct the error or to pay the full filing fee. *Id.* If the prisoner fails to comply with the district court's directions, it "must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.*

Plaintiff has failed to provide this Court with a signed certification regarding his jail trust account. A jail trust account statement that lacks certification or a signature can neither satisfy the filing requirements for a prisoner to proceed *in forma pauperis* under § 1915(a)(2) nor cure the deficiency in this case. *See Hart v. Jaukins,* 99 F. App'x. 208, 209–10 (10th Cir. 2004); *see also Moore v. Vantifflin,* No. 2:08-CV-15168, 2009 WL 224548, at *1 (E.D. Mich. Jan. 30, 2009).

Plaintiff has failed to correct the deficiency order. This Court will, therefore, dismiss the Complaint without prejudice for want of prosecution based upon Plaintiff's failure to fully comply with the deficiency order. *See, e.g.*, *Erby v. Kula,* 113 F. App'x. 74, 75–76 (6th Cir. 2004).

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(a)(1), (b)(1), and (b)(2) for failure to comply with the filing requirements of the Prison Litigation Reform Act.

Dated: September 28, 2021                         s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge